## No. 12,111.

### STATE OF LOUISIANA VS. CORNELIUS CAMPBELL.

When a bill of exception leaves this court uninformed as to the grounds upon which the motion complained of was overruled, matters are left just where the ruling of the judge left them.

On an indictment (Act No. 8, 1870, Ex. Sess., Sec. 8) for "shooting at any dwelling house, school house, church house or outhouse, any person or persons being lawfully therein," it is not necessary to set out in the indictment the names of the person or persons alleged to have been lawfully in the house.

APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*M. J. Cunningham*, Attorney General, and *R. F. Broussard*, District Attorney (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*Edward Simon* for Defendant, Appellant.

Submitted on briefs April 11, 1896.
Opinion handed down April 20, 1896.

The opinion of the court was delivered by

NICHOLLS, C. J.    Defendant, indicted under Sec. 8 of Act. No. 8 of the extra session of the General Assembly of 1870, was convicted and sentenced to pay a fine of one hundred dollars and to an imprisonment of three years at hard labor.    He appealed.

His counsel filed in the lower court on his behalf a motion for a new trial, and also a motion in arrest of judgment.    They were both overruled and bills of exception were reserved.

The section upon which the indictment was based is as follows:

"*Be it enacted*, *etc.*, That whoever shall shoot at any dwelling house, school house, church house or outhouse, any person or persons being lawfully therein, shall, on conviction, be imprisoned at hard labor not exceeding ten years and fined not exceeding two thousand dollars."

In the motion for a new trial it was alleged defendant was entitled to the same "because the verdict was contrary to law and evidence,

as there is error in said verdict injurious to defendant. It is contrary to the evidence adduced at the trial because on the indictment against him (being for wilfully and feloniously shooting at the house of one George Johnson, under the statute No. 8 of 1870, the evidence elicited by the State Attorney, if true (which is denied), was that accused shot at said Johnson standing at the door of the house occupied, the ball taking effect inside of the house, having missed Johnson, which evidence fitted the case of shooting at another, as per Revised Statutes of 1870 or statute of 1855, page 130, the two offences being *sui generis* and distinct and substantive, one being an offence against the person and the other against the habitation, the striking of the ball shot at said Johnson, not intended for the house, being merely accidental and not intentional to the house. That the said verdict is contrary to law in this: the State, to make out its case, must be strictly confined to the proof of the offence charged in the indictment. Proof of another distinct offence not necessarily included in the offence charged will not"        *        *        *

The minutes show that this motion was overruled, but no reasons were assigned by the judge for the ruling. Whether it was because the court did not accept as correct counsel's statement of the facts, or whether, assuming it to be correct, it still considered the verdict to have been justified by the evidence, we do not know.

The bill of exception reserved states that " Defendant's motion for a new trial hereto annexed on the grounds therein mentioned having been overruled by his Honor or the presiding judge on the grounds that"        *        *        *        *        *        *        *        *        *

Defendant excepted to the ruling and opinion of the court and reserved this his bill of exception, which, after having been submitted to the counsel of the State, was signed by his Honor the Judge, before judgment. The District Judge appended his signature to this bill as so written out. The bill leaves us still uninformed as to the grounds upon which the motion was overruled. Counsel contends that the signature of the judge to the bill is an admission by him of the correctness of the statement of the facts alleged in the motion for a new trial. We do not think so. The bill leaves matters just where the ruling left them, with the simple added fact that we are advised through the bill that the ruling was excepted to.

As matters stand we are bound to affirm the ruling of the District Court.

The motion in arrest was based upon the contention that the indictment should have given the names of the persons alleged to have been lawfully in the house. It is difficult to see how the question of the crime or its commission or non-commission could be affected by the identity of the particular individuals who were in the building. If they were there lawfully, it was immaterial who they might be. Who they were, and what the circumstances under which they were in the house, was a matter to be brought out by the evidence. We find no ground upon which to disturb the judgment.

It is hereby affirmed.